CHARLES W. HUNTER, plaintiff in error *v*. AMOS LADD, defendant in error.

*Error to the Municipal Court of the City of Alton.*

Where an attachment bond was signed by the principal, Hunter, and surety, but no seals were affixed to the bond, and the defendant moved to dismiss the suit for want of a sufficient bond; and thereupon the plaintiff moved that Hunter be allowed to amend the bond by affixing a seal, which motion the Court overruled and dismissed the suit: *Held* that the decision was correct, as the motion to amend did not extend to both obligors.

THE proceedings were had in this cause, at the October term, 1838, of the Municipal Court of the City of Alton, before the Hon. William Martin.

A. COWLES and J. M. KRUM, for the plaintiff in error.

G. T. M. DAVIS, for the defendant in error.

SMITH, Justice, delivered the opinion of the Court:

The attachment bond in this case was without seals to the names of the principal and surety. The Court below dismissed the cause for want of seals to the signatures of the obligors to the bond, although the plaintiff interposed an application that Hunter be allowed to amend the bond by attaching a seal or scrawl to the instrument on file, which purported to be the attachment bond. This refusal to permit such amendment, it is now contended, was erroneous, and that leave should have been given to make the amendment. It will be perceived that the application is for Hunter, the plaintiff, to make the scrawl, to his own signature only, which, by our laws, is a seal.

It was competent for Hunter to be allowed to attach the seal to his own signature, and so far the application might have been granted, under our statute, admitting of such amendments; but

surely the Court could not confer a power on, or permit, Hunter to make or attach a seal to the signature of the surety to the bond. Such a seal would not be the seal of the co-obligor. The decision refusing to permit the amendment, was not erroneous, although so far as it regards Hunter, it might have been granted. Yet, if amended, it would not render the bond valid, because of the want of a seal to the signature of the co-obligor. As the application did not extend to the perfection of the bond in relation to the signature and seal of the co-obligor, the Muncipal Court could not do otherwise than dismiss the suit.

The judgment is affirmed with costs.

*Judgment affirmed.*